# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**No. 22-1878V**

```
* * * * * * * * * * * * * *   *
                              *
DAWN STRONG,                  *
                              *
            Petitioner,       *        Special Master Shah
                              *
v.                            *        Filed: April 29, 2026
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
            Respondent.       *
                              *
* * * * * * * * * * * * * *   *
```

*Kelly Elizabeth Elder,* Martin & Jones, PLLC, Raleigh, NC, for Petitioner.
*Julia Marter Collison,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 20, 2022, Dawn Strong ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. at 1 (ECF No. 1). Petitioner alleges she suffered from Steven Johnson Syndrome ("SJS") and Toxic Epidermal Necrolysis ("TEN") as a result of the influenza ("flu") vaccination she received on January 15, 2020, and the Hepatitis B, MMR, TD, Tdap/Pertussis, and Varicella vaccinations she received on January 16, 2020. Pet. at 1, ECF No. 1. On February 19, 2025, the parties filed a stipulation, which I adopted in a Decision awarding compensation the same day. ECF Nos. 42, 43. Petitioner was awarded $330,000.00 in damages. ECF No. 43.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On August 8, 2025, Petitioner filed an application for final attorneys' fees and costs. ECF No. 48 ("Fees App."). Petitioner requests a total of $87,521.66 in attorneys' fees and costs, consisting of $60,628.77 in attorneys' fees and $26,892.89 in attorneys' costs. Fees App. at 1. Petitioner states that she did not incur personal costs related to prosecution of this petition. Ex. 50. Respondent responded to the motion on August 17, 2025, stating that "Respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 49 ("Fees Resp.") at 2, 5. Petitioner filed a reply on August 25, 2025. ECF No. 50 ("Fees Reply").

This matter is now ripe for consideration.

## I.    Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

### A.  Reasonable Hourly Rates

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Petitioner requests the following rates of compensation for her counsel: for Ms. Kelly Elder, $245.00 per hour for work performed in 2021, $260.00 per hour for work performed in 2022, $315.00 per hour for work performed in 2023, $345.00 per hour for work performed in 2024, and $405.00 per hour for work performed in 2025; for Mr. John Alan Jones, $509.00 per hour for work performed in 2021, $525.00 per hour for work performed in 2022, and $553.00 per hour for work performed in 2023; for Mr. Forest Horne, $490.00 per hour for work performed in 2022; and for Ms. Carrie Guest, $470.00 per hour for work performed in 2022. *See generally* Ex. 39. Petitioner also seeks compensation for paralegals and legal support staff, ranging from $151.00-

$212.00 per hour for work performed from 2022-2025. *Id.* Ms. Elder's requested rates from 2021-2024, Ms. Guest's requested rate from 2023, and the paralegal/legal support staff rates are consistent with what counsel and staff have previously been awarded for their Vaccine Program work and shall be awarded herein. *See Giddens v. Sec'y of Health & Hum. Servs.*, No. 20-1056V, 2025 WL 2955210, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 11, 2025).

The remaining hourly rates require adjustment, as they are not consistent with previously awarded rates. Ms. Elder will be awarded $375.00 (not $405.00) per hour for time billed in 2025. *See Giddens*, 2025 WL 2955210, at *2-3. This results in a reduction of $453.00.[3] Mr. Jones will be awarded $498.00 per hour for time billed in 2021, $509.00 per hour for time billed in 2022, and $524.00 per hour for time billed in 2023. *See id.* This results in a reduction of $141.90.[4] Mr. Horne will be awarded $177.00 per hour for time billed in 2022. *See id.* This results in a reduction of $563.40.[5] In total, these reductions amount to **$1,158.30**.[6]

## B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *see also Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary. Several entries in the submitted billing records, totaling 4.3 hours, were for clerical or administrative tasks; specifically, for formatting and Bates stamping documents. *See* Ex. 39 at 2-4, 8, 13, 14, 23. Examples include (but are not limited to):

- April 15, 2021: 0.40 hours billed at $151.00 by legal support staff for "extracting and formatting photos of client from medical records";

- November 4, 2021: 0.20 hours billed at $151.00 by legal support staff to "prep and bates stamp UNC Health billing (205 pages)";

- November 12, 2024: 0.50 hours billed at $197.00 by a paralegal for "Emails with KRE re updated records received, bates stamped."

---

[3] This amount is calculated as follows: ($405 - $375) x 15.1 hrs. = $453.00.

[4] This amount is calculated as follows: (($509 - $498) x 0.5 hrs. = $5.50) + (($525 - $509) x 2.0 hrs. = $32.00) + (($553 - $524) x 3.6 hrs. = $104.40) = $141.90.

[5] This amount is calculated as follows: ($490 - $177) x 1.8 hrs. = $563.40

[6] This amount is calculated as follows: $453.00 + $141.90 + $563.40 = **$1,158.30**.

*See generally id.*  These clerical and administrative tasks resulted in $678.80 in charged fees. Accordingly, I find that a **$678.80** reduction in attorneys' fees, for the 4.3 hours billed for administrative tasks, is appropriate.

Therefore, Petitioner is awarded final attorneys' fees in the amount of **$58,791.67**.

**C.  Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $26,892.89 in attorneys' costs.  This amount consists of costs associated with acquiring medical records, postage, the Court's filing fee, legal research fees, and services provided by the following experts: Rabia Nizamani, M.D., Carolyn Ziemer, M.D., Scott Worswick, M.D., Patricia Pacey, Ph.D., Cynthia Wilhelm, Ph.D., and P. Jeffrey Ewert, Ph.D. Respondent has not identified any specific costs as objectionable.

Documentation for the medical record requests, the Court's filing fee, and legal research fees was provided, and I award those costs in full.  I discuss the remaining expert costs below.

    1.  <u>Petitioner's Treating Physicians</u>

Dr. Nizamani was Ms. Strong's treating physician in the UNC Burn Unit. Fees App. at 11. Dr. Nizamani billed 0.5 hours at an hourly rate of $600.00, for a total of $300.00, for a telephone consultation opining on causation. Ex. 47 at 5.  Dr. Ziemer was a dermatologist who also treated Ms. Strong in the Burn Unit.  According to Petitioner, Dr. Zeimer was one of the first treating physicians to opine that Ms. Strong's vaccines could have caused her SJS/TEN.  Fees App. at 11-12. Dr. Ziemer billed 3.37 hours at an hourly rate of $600.00, for a total of $2,020.00, for reviewing Ms. Strong's record, consulting with counsel, reviewing literature, and preparing a letter detailing her opinion.  *See* Ex. 48 at 4; *see also* Ex. 16.  Petitioner states that the rates for both Dr. Nizamani and Dr. Zeimer were set by UNC Chapel Hill School of Medicine.  Fees App. at 11.  Without endorsing these hourly rates, I find the overall amounts billed by Dr. Nizamani and Dr. Zeimer were reasonable, and they will be reimbursed in full.

    2.  <u>Other Expert or Medical Costs</u>

Petitioner requests reimbursement for services provided by her dermatology expert, Dr. Worswick, at $500.00 per hour for 29 hours, totaling $1,500.00.  *See* Ex. 41.  Dr. Worswick spoke with counsel, reviewed Petitioner's medical records, and began drafting an expert report.  *Id.* at 20.  Dr. Worswick's requested rate is consistent with what he has been awarded for his past work in the Program, and his billing records appear reasonable.  *See Briggs v. Sec'y of Health and Hum. Servs.*, No. 19-1822V, 2022 WL 1087150, at \*2 (Fed. Cl. Spec. Mstr. Mar. 24, 2022).

Petitioner also requests $6,500.00 for neuropsychological testing performed by Dr. Ewert. Ex. 45 at 12-13.  D. Ewert charged a flat rate for testing rather than an hourly rate, but he did provide a letter detailing the 18.5 hours he spent during this consultation and evaluation.  Ex. 46

4

at 1-2.  I find that Petitioner provided sufficient evidence to support the amount Dr. Ewert billed, and I award it in full.

### 3. Petitioner's Life Care Planner and Economist Costs

Petitioner requests reimbursement for life care planner services provided by Dr. Wilhelm at $300.00 per hour for 29 hours, totaling $8,700.00.  Dr. Wilhelm's requested rate is consistent with what she has been awarded for her past work in the Program, and her billing records appear reasonable.  *See, e.g., Scarlette v. Sec'y of Health & Hum. Servs.*, No. 18-0766V, 2022 WL 4075910 (Fed. Cl. Spec. Mstr. Aug. 4, 2022).

Additionally, Petitioner requests reimbursement for services provided by economist Dr. Patricia Pacey, totaling $5,000.00.  *See* Ex. 42.  According to Petitioner, Dr. Pacey provided two expert reports.[7]  Fees App. at 5.  Dr. Pacey's regular rate for a report is $10,000.00, but she agreed to charge Petitioner only $5,000.00.  *Id*.  No contemporaneous billing records were submitted to support Dr. Pacey's billing; however, she did submit a letter explaining her billing practices.  *See* Ex. 43.  Dr. Pacey explained that she typically spends at least 20 hours of professional time, and 20 hours of professional staff time, on cases of this type.  *Id*. at 1-2.  Her fee typically includes "review of all documents provided, all consultations with the client, attorney, or other relevant individuals such as experts, specialized research, preparation for deposition or trial, double checks by professional staff and [her]self, etc."  *Id*. at 2.

Under the Vaccine Program's practice guidelines, an "expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task."  *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78.  Additionally, "the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records."  *Id*.  Petitioner's counsel must provide sufficient evidence to warrant approval of an expert's hourly rate.  *See Vogler v. Sec'y of Health & Hum. Servs.*, No. 11-424V, 2013 WL 1635860, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2013).  Although Dr. Pacey did not provide detailed billing records, I find that the amount she billed for her services was reasonable and will award it in full.  Counsel is cautioned that a future failure to provide contemporaneous billing records for expert services could result in a reduction or denial of compensation for those costs.

Accordingly, Petitioner is awarded final attorneys' costs in the amount of **$26,892.89**.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable to the extent described above.  I find that it is reasonable to compensate Petitioner and her counsel as follows:

---

[7] These reports were not filed into the record, but I do not doubt their existence and usefulness to the parties' informal settlement negotiations.

| | |
|---|---|
| Attorneys' Fees Requested | $60,628.77 |
| (Reduction to Fees) | ($1,837.10) |
| **Total Attorneys' Fees Awarded** | **$58,791.67** |
| | |
| Attorneys' Costs Requested | $26,892.89 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$26,892.89** |
| | |
| **Total Amount Awarded** | **$85,684.56** |

**Accordingly, I award a lump sum in the amount of $85,684.56, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).